# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KIRELL FRANCIS BETTIS TRUST, et al., <br><br> Plaintiffs, <br><br> v. <br><br> INTERNAL REVENUE SERVICE, <br><br> Defendant. | Case No. 1:19-cv-01342-LJO-SAB <br><br> ORDER REQUIRING PLAINTIFF TO PAY THE FILING FEE IN THIS ACTION <br><br> (ECF No. 1) <br><br> TWENTY-ONE DAY DEADLINE |

Kirell F. Bettis ("Plaintiff"), a state prisoner, is appearing *pro se* in this action. On September 24, 2019, Plaintiff filed a complaint in this action, but he did not file an application to proceed *in forma pauperis* nor did he pay the filing fee in this action.

In his complaint, Plaintiff admits that he is subject to the three strikes provision of 28 U.S.C. § 1915(g). (Compl. 12, ECF No. 1.) Section 1915(g) provides that "[i]n no event shall a prisoner bring a civil action . . . under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g). Courts refer to this as the "three strikes rule." *Moore v. Maricopa Cty. Sheriff's Office*, 657 F.3d 890, 892 (9th Cir. 2011). In order to determine whether Plaintiff is entitled to proceed *in forma pauperis*, the Court may take judicial

1

notice of court records in other cases. *See United States v. Howard*, 381 F.3d 873, 876 n.1 (9th Cir. 2004).

Here, prior to filing this action, Plaintiff has on more than three occasions, while incarcerated, brought an action that was dismissed for failure to state a claim upon which relief could be granted.[1] The Court takes judicial notice of the following cases: *Taylor v. USA*, no. 2:02-cv-05071-UA-CT (C.D. Cal.) (dismissed February 19, 2003 as legally and factually frivolous); *Bettis v. Tillie-Moore*, no. 2:09-cv-00788-UA-CT (C.D. Cal) (dismissed February 11, 2009 as legally and factually frivolous); *Bettis v. Paulson*, 2:09-cv-01544-UA-CT (C.D. Cal.) (dismissed as frivolous on April 13, 2009); *Taylor v. Kern Valley State Prison*, no. 1:07-cv-01857-LJO-DLB (E.D. Cal.) (dismissed September 12, 2008 for failure to state a claim); *Taylor v. Blackstone*, no. 1:08-cv-01561-AWI-GSA (E.D. Cal.) (dismissed September 11, 2009 for failure to state a claim); *Bettis v. Clinton*, no. 2:10-cv-00682-UA-DUTY (C.D. Cal.) (dismissed March 1, 2010 for failure to state a claim); *Taylor v. U.S. State Department*, no. 1:10-cv-01892-LJO-JLT (E.D. Cal.) (dismissed November 30, 2010 for failure to state a claim); *Taylor v. Court Reporters Board*, no 2:13-cv-06433-UA-RZ (C.D. Cal.) (dismissed September 17, 2013 for failure to state a claim). These cases were final prior to the date Plaintiff filed this action. *Silva v. Di Vittorio*, 658 F.3d 1090, 1098-1100 (9th Cir. 2011).

As Plaintiff has previously had at least three complaints dismissed as frivolous or for failure to state a claim, he cannot proceed in this action without prepayment of fees absent allegations that he is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g). Plaintiff's claims in this action generally allege that he has paid billions of dollars to the Internal Revenue Service ("IRS") for the benefit of the United States Treasury and the State of California by an ancient document that he discovered and caused $850 billion dollars in credit to be transferred to his trust. Plaintiff contends that the IRS has not paid the funds to the Treasury or the State and that he is owed a refund of his taxes. Further, Plaintiff contends that he has come up with a plan to fund an "Federal Old-Age and Survivors Insurance Trust Fund" by requiring

---

[1] Although Plaintiff filed this complaint as Kirell Francis Bettis he was convicted in October 2001 under the name Kirell Taylor. (Compl. at 4.) Plaintiff files cases as both Kirell Francis Bettis and Kirell Francis Taylor.

1,000 individuals to donate $500 billion each to the trust.  Plaintiff alleges that his plan will produce about $5 trillion dollars annually for the sole benefit of the United States.  He has informed the Secretary of the Treasury of his plan and has received no response.  Plaintiff's complaint does not demonstrate that he is under imminent danger of serious physical injury so he cannot proceed *in forma pauperis* in this action.

Because Plaintiff alleges no facts supporting a finding that he is under imminent danger of serious physical injury, Plaintiff is ineligible to proceed *in forma pauperis* in this action.  Accordingly, IT IS HEREBY ORDERED that within **twenty-one (21) days** of the date of service of this order, Plaintiff shall pay the $400.00 filing fee in full.  Plaintiff is advised that failure to pay the full filing fee in compliance with this order will result in this action being dismissed.

**IT IS SO ORDERED.**

Dated:  **October 1, 2019**              **/s/ Lawrence J. O'Neill**
                                         **UNITED STATES CHIEF DISTRICT JUDGE**